IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION



SCOTTIE WHITAKER,

    Petitioner,

vs.

SUZANNE R. HASTINGS, Warden,

    Respondent.

CIVIL ACTION NO.: CV213-097

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Scottie Whitaker ("Whitaker"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss Whitaker's petition. Whitaker filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and Whitaker's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In 2005, Whitaker was tried by a jury and convicted of: conspiracy to commit armed bank robbery; armed bank robbery and aiding and abetting; the use, carrying, and brandishing of a firearm during and in relation to a crime of violence and aiding and abetting; and possession of a firearm by a felon. United States v. Whitaker, 4:04-cr-00056, Doc. 89 (E.D.N.C.). The United States District Court for the Eastern District of North Carolina sentenced Whitaker to 192 months' imprisonment. Id. Whitaker unsuccessfully appealed to the United States Court of Appeals for the Fourth Circuit,

which determined no meritorious issues for appeal existed and affirmed Whitaker's conviction and sentence. United States v. Whitaker, 208 F. App'x 244, 246 (4th Cir. 2006). Whitaker filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Whitaker, 4:04-cr-00056, Doc. 113 (E.D.N.C.). This motion was dismissed. Whitaker v. United States, No. 4:04-CR-56-1H, 2010 WL 4809084, at *3 (E.D.N.C. Nov. 18, 2010). The Fourth Circuit denied a certificate of appealability. Whitaker v. United States, No. 4:04-CR-56-1H, 2010 WL 4923460 (4th Cir. 2010).

In the instant petition, Whitaker seeks to invoke the savings clause of 28 U.S.C. § 2255(e). (Doc. 1, p. 1). Whitaker claims "the sentencing judge's sole finding, by a preponderance of the evidence, that Petitioner 'brandished' a firearm during the underlying bank robbery violates his Sixth Amendment right to a jury trial and [ ] establishes his actual innocence." Id. at 8. Whitaker relies upon the United States Supreme Court decision in Alleyne v. United States, __ U.S. __ , 133 S. Ct. 2151 (June 17, 2013). Id. at 6-8. Whitaker asserts that he "is actually innocent of the underlying 18 U.S.C. § 924(c)(1)(A)(ii) offense." Id. at 8.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). "Section 2255(e) bars a § 2241 petition if the prisoner has failed to seek or has already been denied relief on a § 2255 motion," as Whitaker has in this case. Marshall v. United States, 514 F. App'x 936, 937 (11th Cir. 2013). "Notwithstanding the bar on second or successive § 2255 motions, § 2255's savings

2

AO 72A
(Rev. 8/82)

clause permits a court to entertain a § 2241 habeas petition challenging the legality of a prisoner's detention when the prisoner's 'remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention.'" Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1334 (11th Cir. 2013) (alteration in original) (quoting 28 U.S.C. § 2255(e)).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable, first:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Williams, 713 F.3d at 1343 (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explaining that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (citation omitted) (internal quotation marks omitted). However, the holding in Wofford established "two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

3

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id.

In the present case, Whitaker fails to fulfill the first condition for making a claim based upon a retroactively applicable Supreme Court decision. Although Whitaker relies upon Alleyne, a recent Supreme Court decision, it is not retroactively applicable on collateral review. In the absence of an Eleventh Circuit decision addressing the issue, this Court finds persuasive the analogous decision in Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013). The court in Simpson held that "[u]nless the Justices themselves decide that Alleyne applies retroactively on collateral review, we cannot authorize a successive collateral attack." Id. at 876; see also, In re Payne, No. 13-5103, 2013 WL 5200425, at *1 (10th Cir. 2013) (holding that while Alleyne did establish a new rule of constitutional law, this new rule "has not been made retroactive to cases on collateral review by the Supreme Court."). The Supreme Court has recognized that for other provisions of § 2255, the power to "announce[ ] a new rule of constitutional law and make[ ] it retroactive" is within the Supreme Court's authority. Dodd v. United States, 545 U.S. 353, 359 (2005). Thus, a new rule is "made" retroactively applicable if the Supreme Court "has held that the new rule is retroactively applicable to cases on collateral review." Tyler v. Cain, 533 U.S. 656, 662 (2001). The Supreme Court has not held or declared that the new rule in Alleyne is retroactively applicable on collateral review. Simpson, 721 F.3d at 876.

4

The decision in Alleyne, is "an extension" of that in Apprendi v. New Jersey, 530 U.S. 466 (2000). Id. Given that Apprendi is not retroactively applicable on collateral review, it is unlikely the Supreme Court will give the ruling in Alleyne retroactive effect. See McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). In Ring v. Arizona, 536 U.S. 584 (2002), the Supreme Court applied the "principle [in Apprendi] to a death sentence imposed under the Arizona sentencing scheme." Schriro v. Summerlin, 542 U.S. 348, 350-51 (2004). The Court held that the new procedural rule announced in Ring does not apply retroactively. Id. at 358. As Alleyne is also based on the decision in Apprendi, and because the Supreme Court has declined to make such derivative rules retroactively apply, it is unlikely the Court will do so with the rule announced in Alleyne.

In the instant action, Whitaker's claim is not based upon a retroactively applicable Supreme Court decision. Therefore, his petition does not fulfill the first condition to make the savings clause applicable to his claim.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Whitaker's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 19th day of November, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

5

AO 72A
(Rev. 8/82)